# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PROMMIS HOLDINGS, LLC, et al.,[1] ) | Case No. 13-10551(BLS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| EC MAILING CORP.; PROMMIS ) | |
| SOLUTIONS, LLC; EC CLOSING CORP.; ) | |
| AND EC POSTING CLOSING CORP. ) | |
| ) | |
| Plaintiffs, ) | Adv. Proc. No. _____ (BLS) |
| ) | |
| v. ) | |
| ) | |
| CYPRESS INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Debtors EC Mailing Corp.; Prommis Solutions, LLC; EC Closing Corp.; and EC Posting Closing Corp. (collectively, the "Plaintiffs") for their complaint against defendant Cypress Innovations, Inc. ("Cypress") (whose principal is Robert Hosch, Esquire of Butler & Hosch, P.A. ("Butler & Hosch")), allege on personal knowledge as to facts about themselves and their own acts, and upon information and belief with respect to all other matters, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); and EC Closing Corp. of Washington (2552). The Debtors' service address is P.O. Box 767427, Roswell, GA 30076.

## NATURE OF THE ACTION

1. This action arises from Cypress' ongoing breaches of its obligations to render payments to the Plaintiffs under that certain Asset Purchase Agreement (the "APA") entered into by and among Plaintiffs Interface, Inc. (n/k/a EC Mailing Corp.), Prommis Solutions, LLC, Cal-Western Reconveyance Corporation (n/k/a EC Closing Corp.), Reliable Reconveyance Corporation (n/k/a EC Posting Closing Corp.), and Cypress, dated as of May 14, 2013.

## PARTIES

2. Plaintiff Prommis Solutions, LLC is a Delaware limited liability company, and a debtor in the above-captioned cases.

3. EC Mailing Corp. is a California corporation, and a debtor in the above-captioned cases.

4. EC Closing Corp. is a California corporation, and a debtor in the above-captioned cases.

5. EC Posting Closing Corp. is a California corporation, and a debtor in the above-captioned cases.

6. Cypress is a Nevada corporation with its principal place of business in the State of Texas that may be served via its registered agent at Marquis Aurbach Coffing P.C., 10001 Park Run Drive, Las Vegas, NV 89145.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2) as it relates to Plaintiffs Prommis Holdings, LLC and EC Mailing Corp, and a non-core proceeding as it related to Plaintiffs EC Closing Corp. and EC Posting Closing Corp.

Venue is appropriate in this district and Court pursuant to 28 U.S.C. § 1334 and section 8.2 of the APA.

## FACTUAL ALLEGATIONS

### A. The Bankruptcy Cases

8.  On March 18, 2013, each of the Prommis Debtors[2] filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). On June 25, 2013, each of the EC Debtors[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Prommis Debtors' cases and the EC Debtors' cases are jointly administered pursuant to an order of the Court entered on July 3, 2013 [D.I. 447].

9.  The Debtors have continued in possession of their respective properties and have continued to operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

10. On April 2, 2013, the United States Trustee for Region 3 appointed an Official Committee of Unsecured Creditors (the "Committee") for the Prommis Debtors. No trustee or examiner has been appointed for any of the Debtors.

### B. Sale of Assets to Butler & Hosch's Designee, Cypress Innovations, Inc.

11. On April 5, 2013, after a period of due diligence by representatives of the law firm of Butler & Hosch, together with an outside accounting firm engaged by Butler & Hosch or Cypress, Butler & Hosch transmitted to the Debtors what it termed "our Third Letter of Intent,"

---

[2] The Prommis Debtors are Prommis Holdings, LLC; Prommis Fin Co.; Prommis Solutions, LLC; E-Default Services LLC; Statewide Tax and Title Services LLC; Statewide Publishing Services LLC; Nationwide Trustee Services, Inc.; Statewide Tax and Title Services of Alabama LLC; Nationwide Trustee Services of Virginia, Inc.; EC Mailing Corp. (f/k/a Interface Inc.); and Prommis Homeownership Solutions, Inc.

[3] The EC Debtors are EC Closing Corp.; EC Posting Closing Corp.; and EC Closing Corp. of Washington.

which communicated an offer to purchase of the assets of certain of the Debtors.  A copy of the Third Letter of Intent is attached hereto as Exhibit A.

12. Under the Third Letter of Intent, the proposed buyer is a Butler & Hosch affiliated company called Palm Foreclosure Services, Inc. ("Palm").  Butler & Hosch and/or its affiliate Palm ultimately designated a different affiliate to enter into the APA entered into by and among Prommis Debtors Interface, Inc. (n/k/a EC Mailing Corp.), Prommis Solutions, LLC, Cal-Western Reconveyance Corporation (n/k/a EC Closing Corp.), Reliable Reconveyance Corporation (n/k/a EC Posting Closing Corp.), and Cypress, dated as of May 14, 2013.

13. As Butler & Hosch explained in its transmittal of the Third Letter of Intent, "[i]f our LOI is approved and accepted we will immediately send in our CFO, M&A specialists, our bankers and other experts to work on the closer evaluation of the assets and the closing."  As the Debtors ultimately agreed to move forward toward a sale transaction with Butler & Hosch or its designee, Butler & Hosch did indeed follow through on the representations in its April 5, 2013 LOI transmittal, bringing several people to the Debtors' offices from Butler & Hosch, as well as Butler & Hosch's outside professional advisors, to conduct extensive due diligence on the Debtors' relevant businesses.

14. Following the extensive diligence performed by Butler & Hosch and its agents, the parties conducted further negotiations regarding a possible sale transaction.  The parties' negotiations ultimately resulted in the parties' entering into a definitive asset purchase agreement, in the form of the APA, with Butler & Hosch designee Cypress serving as the buyer entity.

15. On May 16, 2013, the Debtors filed their Motion to Approve (I) Sale of Certain Assets of Interface, Inc. to Cypress Innovations, Inc. Pursuant to 11 U.S.C. § 363(b); (II)

Assumption and Assignment of Designated Leases and Contracts; and (III) Related Bidding and Sales Procedures (the "Sale Motion") [D.I. 303]. On May 29, 2013, this Court conducted a hearing regarding the Sale Motion, at which the Sale Motion was granted.

16. On May 29, 2013, the Court entered the order granting the Motion (the "Sale Order") [D.I. 368], a copy of which is attached hereto as Exhibit B.

17. The Sale Order, among other things, approved, authorized and directed the relevant Debtor/seller entities to consummate all transactions provided for under the APA, under which certain assets of Prommis Debtors Interface, Inc. (n/k/a EC Mailing Corp.), Prommis Solutions, LLC, Cal-Western Reconveyance Corporation (n/k/a EC Closing Corp.), and Reliable Reconveyance Corporation (n/k/a EC Posting Closing Corp.) were to be conveyed to Cypress. In particular, paragraph 8 of the Sale Order required that the Debtors "perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement." The express intent of the Sale Order was to mandate that the sellers and buyer so comply with their obligations under the APA.

18. The APA imposes various financial obligations on Cypress as buyer, including, among others, the payments in installments of the Purchase Price (as defined in the APA). Among those financial obligations was the payment of "$500,000 on that date that is three months after the Closing Date." APA, § 2.1(b). The Closing Date was June 1, 2013. Accordingly, the $500,000 installment payment was required to be made no later than August 30, 2013. The APA further provides that the obligations of Cypress to make such payments are "absolute and not subject to satisfaction of any conditions (other than the passage of time until

5

due date) or set-off." Id., § 2.1.  Despite this requirement, Cypress refused and failed to make the $500,000 payment that was due on August 30, 2013.

19. In connection with the sale to Cypress, Cypress and the Sellers entered into a Transition Services Agreement ("TSA"), which was attached to the APA as Exhibit C thereto. Section 2.2 of the TSA provides that Cypress is required to prepay 100% of any costs that the Sellers incur in providing services to Cypress under the TSA.  Cypress has breached the TSA in multiple respects, including by its failure to prepay for expenses and its failure to pay outstanding amounts in full.  Despite this breach, the Sellers in good faith advanced the costs of Cypress' expenses and continued to perform under the TSA.  As of the date hereof, Cypress owes to the Sellers no less than $25,957.50 for expenses under the TSA, consisting of the following:

| **Description of Charge** | **Amount** |
|---|---|
| Telephone services | $23,392.38 |
| TLC leased servers | $3,500 |
| CSC leased servers | $2,298.50 |
| Colo cost | $4,375 |
| Postini | $2,666 |
| Office space rental Northridge | $2,000 |
| Resource costs[4] | $2,753 |
| Payment received on September 5, 2013 | ($15,527.38) |
| **Total amounts due under TSA:** | **$25,957.50** |

20. Section 8.2 of the APA provides for the parties to bring and to defend any court proceeding in this Court in connection with any dispute arising under the APA:

---

[4] Representing an allocation of personnel costs devoted to providing services under the TSA>

> . . . Any action or proceeding arising out of or relating to this Agreement or any of the Transaction Agreements shall be brought (a) in the United States Bankruptcy Court for the District of Delaware, or, (b) in the event that both Prommis' and Interface's bankruptcy case have been dismissed under Bankruptcy Code section 1112, in a federal or state court of competent jurisdiction located in the State of California, and each of the parties irrevocably submits to the exclusive jurisdiction of each such court in any such action or proceeding, waives any objection it may now have or hereafter have to venue or to convenience of forum and THE PARTIES HEREBY WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR ANY OF THE TRANSACTION AGREEMENTS.

APA, § 8.2

21.     Section 8.16 of the APA expressly provides for fee-shifting for the prevailing party, as follows:

> Should any action be commenced between the parties hereto or their representatives and assigns concerning any provision of this Agreement, or the rights and duties of any person or entity hereunder, solely as between the parties hereto or their successors and assigns, the party or parties prevailing or substantially prevailing in such proceedings will be entitled to the reasonable attorney's fees and expenses of counsel and court costs incurred by reason of such actions.

Id., § 8.16.

## COUNT I
(Breach of Contract)

22.     Plaintiffs reallege and incorporate by reference herein the allegations of ¶¶ 1 through 21 inclusive.

23.     Plaintiffs and Cypress are parties to binding contracts including the APA and the TSA.

24.     Cypress has breached the APA by failing to make the payment of $500,000 that was due on August 30, 2013 under section 2.1(b) of the APA.

25. Cypress further has breached the contract by failing to prepay 100% of any costs that the Sellers incur in providing services to Cypress under the TSA, as required under section 2.2 of the TSA.

26. Plaintiffs are entitled to a judgment requiring Cypress to pay Plaintiffs all past-due amounts under the APA and TSA without any setoff.

## COUNT II
(Contractual Indemnification)

27. Plaintiffs reallege and incorporate by reference herein the allegations of 1 through 26 inclusive.

28. Section 6.2 of the APA provides in relevant part as follows:

> Buyer's Indemnification. Buyer agrees to indemnify and hold each Seller harmless from any and all losses, claims, demands, actions, judgments and liabilities (including, without limitation, reasonable attorneys' fees) (collectively "Losses") arising out of (i) any breach by Buyer of any of its covenants and agreements under this Agreement, including but not limited to payment of the Purchase Price and other covenants under this Section 6 . . . .

29. Plaintiffs are entitled to indemnification from Cypress for all losses to Plaintiffs arising from Cypress's breach of the APA, including Plaintiffs' reasonable attorneys' fees.

## COUNT III
(Unjust Enrichment)

30. Plaintiffs reallege and incorporate by reference herein the allegations of 1 through 29 inclusive.

31. Cypress has paid only the first installment of $1,425,463.24 for the assets conveyed by the Plaintiffs to Cypress at the closing of the transaction in May 2013.

32. At the time of closing of the transaction under the APA, the business assets sold to Cypress comprised a cashflow-positive business.

33. As part of the purchased assets, Cypress acquired all of the Debtors' relevant rights to bill unbilled fees which, as reflected in the Plaintiffs' records, exceeded associated unpaid costs by over $3 million.

34. Cypress executed a purchase price allocation (the "Allocation," attached as Exhibit C hereto) which upon information and belief will be used by Cypress to represent to the Internal Revenue Service what it paid for the assets described as "Fees on Files in Progress." All parties to the APA are required to file tax returns based on the Allocation. APA § 2.1.

35. The "Fees on Files in Progress" line item in the Allocation relates to the total fees on files in progress identified in Exhibit "A" to Defendant's Verified Response in Opposition to the Motion [D.I. 599] as totaling over $3 million.

36. The fair value of the assets transferred to Defendant at the Closing was substantially in excess of the value paid to date by Defendant to Plaintiffs.

37. Defendant has been unjustly enriched by having received the assets transferred at the Closing, while only paying the first installment of the parties' agreed-upon consideration agreed upon in the APA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1. A judgment requiring Cypress to pay Plaintiffs all past-due amounts under the APA and TSA without any setoff in the amount of no less than $525,957.50, plus pre-judgment interest and post-judgment interest at the statutory rate;

2. Compensatory damages;

3. Punitive damages;

4. Costs of suit, including reasonable attorneys' fees; and

5. An award to Plaintiffs of any further or additional relief that this Court finds equitable, appropriate, or just.

| | |
|---|---|
| Dated: October 3, 2013 | **WOMBLE CARLYLE SANDRIDGE & RICE, LLP** |

/s/ Steven K. Kortanek
Steven K. Kortanek (DE Bar No. 3106)
Thomas M. Horan (DE Bar No. 4641)
Ericka F. Johnson (DE Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
E-mail: skortanek@wcsr.com
E-mail: thoran@wcsr.com
E-mail: erjohnson@wcsr.com

-and-

**KIRKLAND & ELLIS LLP**
Christopher Marcus, P.C. (admitted *pro hac vice*)
David S. Meyer (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
E-mail: christopher.marcus@kirkland.com
E-mail: david.meyer@kirkland.com

*Counsel to the Plaintiffs*