# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PROMMIS HOLDINGS, LLC, et al.,[1] ) | Case No. 13-10551(BLS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| EC MAILING CORP.; PROMMIS ) | |
| SOLUTIONS, LLC; EC CLOSING CORP.; ) | |
| AND EC POSTING CLOSING CORP., ) | |
| ) | |
| Plaintiffs, ) | Adv. Proc. No. 13-52352 (BLS) |
| ) | |
| v. ) | |
| ) | |
| CYPRESS INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING MEDIATION OF ADVERSARY PROCEEDING
## AND GOVERING INITIAL SCHEDULING MATTERS

Plaintiffs EC Mailing Corp.; Prommis Solutions, LLC; EC Closing Corp.; and EC Posting Closing Corp. (collectively, the "Plaintiffs") and Defendant Cypress Innovations, Inc. (the "Defendant"), having consented to voluntary mediation to attempt to resolve disputes relative to the above-captioned adversary proceeding, it is hereby ORDERED as follows:

1. The above-captioned adversary proceeding hereby is assigned to mediation.

2. The parties shall submit a further agreed proposed order identifying and appointing the mediator at the earliest convenience of the parties and the proposed mediator.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: Prommis Holdings, LLC (6940); Prommis Fin Co. (2965); Prommis Solutions, LLC (9978); E-Default Services LLC (0016); Statewide Tax and Title Services LLC (0049); Statewide Publishing Services LLC (0079); Nationwide Trustee Services, Inc. (2436); Statewide Tax and Title Services of Alabama LLC (7733); Nationwide Trustee Services of Virginia, Inc. (6687); EC Closing Corp. (8580); EC Posting Closing Corp. (9995); EC Mailing Corp. (f/k/a Interface Inc.) (9903); Prommis Homeownership Solutions, Inc. (0569); and EC Closing Corp. of Washington (2552). The Debtors' service address is P.O. Box 767427, Roswell, GA 30076.

6722547/

3. The Plaintiffs on one hand, and the Defendant on the other hand, each shall bear 50% of the costs of mediation.

4. A one-day mediation session will be held in Delaware between November 4 and November 15, 2013 or on such other date as the parties and the mediator may schedule.

5. Each party shall have a client representative attend the mediation in person, and such representative shall have full settlement authority.

6. To the extent not inconsistent with the terms of this order, this mediation shall be conducted in accordance with the applicable Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

7. This matter is scheduled for a further scheduling conference on November TBD, 2013. [initialed BLS]

8. Defendant was served with the Complaint in this Adversary Proceeding on October 4, 2013, and absent a modification in the deadline, Defendant's deadline to respond to the Complaint is November 4, 2013. Notwithstanding the foregoing, the parties agree that the Defendant's deadline to file an answer or otherwise respond to the Complaint is one week after the first date set for the mediation session pursuant to paragraph 3 hereof.

9. Defendant's counsel must serve Plaintiffs' counsel and the mediator with a Statement of Defenses and Counterclaims (the "Defendant's Statement") on or before October 18, 2013. The Defendant's Statement is intended to be an informal but reasonably detailed articulation of what Defendant then believes are the likely defenses, counterclaims and other matters Defendant may raise in response to the Complaint. Defendant must supplement and/or amend the Statement reasonably in advance of the parties' mediation session to the extent

Defendant's likely response to complaint would vary in any material way from that which was set forth in the Statement.

10. No later than October 11, 2013, Defendant must begin producing to Plaintiffs' counsel all emails received by the Defendant and any related persons and parties, or their agents and/or advisors, from Plaintiffs, their agents and/or advisors during Due Diligence,[2] and the Defendant shall endeavor in good faith to substantially produce all emails to the Plaintiffs by October 28, 2013.

11. No later than October 11, 2013, the parties shall exchange a list of the names of persons who, to the best of their knowledge, were involved in Due Diligence.

12. The parties must immediately begin retrieval and transmittal of all documents (including ESI) received by them during Due Diligence in a manner other than by email (the "Non-Email Documents"), so that the parties must commence rolling production of Non-Email Documents on or before October 18, 2013. The parties shall endeavor in good faith to substantially produce all Non-Email Documents received by them or their agents during Due Diligence by October 28, 2013.

13. Subject to execution of a confidentiality agreement, the Defendant shall endeavor to provide to Plaintiffs no later than ten (10) days prior to mediation, copies of income statements, cash flow statements, balance sheets, and any reports maintained in the ordinary course of the Defendant's business showing the financial performance of the Defendant and the

---

[2] "Due Diligence" means the time and process during which Defendant, under or in connection with a Confidentiality Agreement or Non-Disclosure Agreement, by and through any persons acting on behalf or assisting Defendant, received information from any Plaintiff, or any person acting on behalf or assisting any Plaintiff, including but not limited to the time period from Defendant's (or its representative's) execution of a Confidentiality Agreement or Non-disclosure agreement through closing on the Asset Purchase Agreement (the "APA") entered into by and among Plaintiffs and Defendant, dated as of May 14, 2013.

6722547/

3

assets the Defendant purchased from the Plaintiffs for the period from the closing of the sale through and including August 31, 2013.

14.    All documents produced by a party shall be "Bates" numbered before any documents are withheld based on any assertion of privilege.

15.    Each party may serve discovery requests on the other, commencing October 14, 2013.

16.    Documents shall be produced in single page tiffs with accompany files of extracted text. Excel spreadsheets should be produced in native format. Other non-standard file types may also be produced in native – such as CAD drawings, video and audio files. PowerPoint documents shall be produced with speaker notes. For email documents the following metadata fields, in addition to extracted text, shall be produced: To, From, CC, BCC, Email Subject, Date and Time Sent or Date and Time Received. Productions shall be accompanied by a Concordance load file (.dat) or other standard load file such as dii or lfp and includes designation of family structure. Native documents should be named after the file name in the load file.

17.    Each party shall have the right to claw back any privileged document inadvertently produced to the other by asserting such claw back in an email writing to counsel for the other party, and the party receiving such inadvertent document shall take all steps reasonably practicable to destroy any copies of such document in its possession. However, each party shall retain its right to challenge any assertion of privilege by the other.

5

18.     Deadlines in this Order may be extended by agreement of the parties or upon written motion for good cause shown.

Dated: October 8, 2013

_____
The Honorable Brendan Linehan Shannon
United States Bankruptcy Judge